UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| HOWARD DASH,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>                         Plaintiff,<br>    v<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br>AND MONARCH RECOVERY HOLDINGS, INC.,<br><br>                         Defendants. | Civil Action, File No.<br>2:19-cv-04325-JMA-SIL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Howard Dash [hereinafter "Dash"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Monarch Recovery Management, Inc. (hereinafter "Monarch") and Monarch Recovery Holdings, Inc. (hereinafter "MRH"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Monarch's regular transaction of business within this district.  Venue in this district also is proper based on Monarch possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also derive substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside

in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Dash is a natural person who resides in Lynbrook, NY.

6. Dash is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 19, 2018, Monarch sent Dash the letter annexed as Exhibit A. Dash received and read Exhibit A. For the reasons set forth below, Dash's receipt and reading of Exhibit A deprived Dash of him rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Monarch sent Exhibit A to Dash in an attempt to collect a past due debt.

9. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Synchrony Bank for her individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. Monarch, via Exhibit A, attempted collect the past due debt from Dash in his individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Monarch is a Pennsylvania Business Corporation and a New York Foreign Business Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

    Agency License from the New York City Department of Consumer Affairs. Monarch possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, Monarch sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon Monarch possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Monarch is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, Monarch is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. MRH is a Pennsylvania Domestic Corporation.

16. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

17. Monarch, a debt collector, is a wholly owned subsidiary of MRH.

18. Upon information and belief, MRH directs and/or requires and/or allows Monarch to carry

out collection efforts on MRH's behalf and for the sole benefit of MRH; MRH always possesses the beneficial interests in the collection accounts which Monarch attempts to collect.

19. Based on the above, the principal purpose of MRH is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

20. Based on the above, MRH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Upon information and belief, MRH issued work standards, directives, and/or guidelines to Monarch which contained instructions, controls, and rules governing the steps Monarch could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

22. Monarch is a wholly owned subsidiary of MRH.

23. Upon information and belief, MRH, a "debt collector", directs and/or requires and/or allows MRH's wholly owned subsidiary, Monarch, to carry out collection efforts on MRH's behalf and for the sole benefit of MRH; MRH always possesses the beneficial interests in the collection accounts which Monarc attempts to collect; and MRH directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts.

24. For the above reasons, MRH is vicariously liable for the actions of Monarch.

25. All the actions alleged in this Complaint taken by Monarch were taken by Monarch as the "debt collector", agent, and/or attorney for the "debt collector" MRH.

26. Based on the above allegations, MRH is vicariously liable for the actions of Monarch.

## FIRST CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-26 of this Complaint.

28. Exhibit A sets forth the following: "Total Balance Due as of February 19, 2018: $690.81".

29. If on the date of Exhibit A Synchrony Bank was not accruing interest, late charges, and/or other charges on the "Total Balance Due as of February 19, 2018 set forth in Exhibit A, then Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "Total Balance Due as of February 19, 2018 or describing the balance as the "Total Balance Due as of February 19, 2018.

## SECOND CAUSE OF ACTION-CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

31. Exhibit A sets forth the following: "Total Balance Due as of February 19, 2018.

32. Upon information and belief, Synchrony Bank continued to accrue interest, late charges, and/or other charges on the "Total Balance Due as of February 19, 2018 set forth in Exhibit A.

33. Exhibit A failed to notify Dash that her "Total Balance Due as of February 19, 2018 may increase due to the aforementioned accrued interest, late charges, and/or other charges.

34. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e as a result of Monarch sending Exhibit A to Dash.

## THIRD CAUSE OF ACTION-CLASS CLAIM

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this

Complaint.

36. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

38. As a result of sending Exhibit A to Dash, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

40. The class consist of (a) all natural persons (b) who received a letter from Monarch dated between February 19, 2018 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

41. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

43. The predominant common question is whether Defendant's letters violate the FDCPA.

44. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

45. A class action is the superior means of adjudicating this dispute.

46. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in the amount of $500,000, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:        August 28, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107